UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER MONROE, | : | Case No. 1:11-cv-325 |
| Plaintiff, | : : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| SCOTT RUBENSTEIN, *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 6); AND (2) DISMISSING THIS CIVIL ACTION

This civil action is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and, on July 8, 2011, submitted a Report and Recommendations. (Doc. 6). Plaintiff filed Objections to the Report and Recommendations on July 29, 2011. (Doc. 10).

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendations should be and is hereby adopted in its entirety; and Plaintiff's Objections to the Report and Recommendations are overruled.

Plaintiff's objections are twofold. First, he argues that allegations of conspiracy between his defense attorneys and the police adequately supports a finding that Defendants acted under color of state law. *Tower v. Glover*, 467 U.S. 914 (1984). However, Plaintiff's conclusory allegation that Defendants acted under color of state law because they "worked in active concert" with state officials is insufficient to establish state action in this case. *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See, e.g., Stringer v. Woolsey*, No. 2:10cv48, 2010 U.S. Dist. LEXIS 81721, at *14, fn 1 (D. Nev. July 13, 2010) ("In *Tower v. Glover* . . . the Court recognized that a public defender can be sued under § 1983 if he or she conspired with a state actor, even if the state actor is immune from § 1983 liability. However, here, Plaintiff has not alleged facts to suggest such a conspiracy.").

Next, Plaintiff argues that a decision in his favor would not result in overturning his conviction, because he already defaulted on state court opportunities to have his conviction set aside. *Glover*, 467 U.S. at 923-924. Plaintiff's citation to *Glover* is unavailing. In *Glover*, the Supreme Court expressly reserved the question of whether a Section 1983 action for monetary damages was appropriate where establishing damages necessarily required showing the invalidity of the conviction. *Id.* at 923-924. The Supreme Court answered this question in *Heck v. Humphrey*, holding that:

> In order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence

>invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994). Plaintiff's conspiracy claim is merely a disguised ineffective assistance of counsel claim that would necessarily imply the invalidity of Plaintiff's conviction. As such, it is not cognizable until Plaintiff can show that his sentence has been reversed, expunged, declared invalid, or called into question.

Accordingly:

1. Plaintiff's complaint is **DISMISSED**. Specifically, Plaintiff's federal claim is **DISMISSED WITH PREJUDICE** and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**;

2. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith; and

3. This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date: 3/12/12

Timothy S. Black
United States District Judge